IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammie J. Stroman,<br><br>              Petitioner,<br><br>vs.<br><br>S.C. Attorney General Henry Dargan McMaster; and Bernard McKie, Warden of Kirkland Correctional Institution,<br><br>              Respondents. | C/A No. 0:08-3402-PMD-PJG<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

      The petitioner, Sammie J. Stroman ("Stroman"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 26.)[1]

      After the respondents filed their motion for summary judgment (Docket Entry 26), pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (Docket Entry 28.) Following an extension of time, Stroman filed a response in opposition to the respondents' motion. (Docket Entry 38.) In addition, Stroman has filed a motion for the entry of a default judgment (Docket Entry 24) and the respondents have

---

[1]The court notes that a prisoner's custodian is the only proper respondent in a habeas action. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Therefore, as the warden is the only proper party in a habeas action, the Attorney General of South Carolina should be dismissed from this action.

filed a motion for an extension of time in which to file a return (Docket Entry 25).[2] These motions are now before the court for a ruling and a Report and Recommendation.

## BACKGROUND

Stroman is presently incarcerated in the Kirkland Correctional Institution serving time based upon his June 1997 convictions for armed robbery (97-GS–41-261); pointing a firearm (97-GS-41-262); wearing a mask (97-GS-41-278); possession of a pistol by a person under twenty-one (97-GS-41-277); and possession of a firearm during the commission of a violent crime (97-GS-276). (App. at 66-72, Docket Entry 27-2 at 71-78.) Although Stroman is currently serving time on these convictions, he is not challenging his June 1997 convictions in this habeas action. Rather, Stroman is seeking habeas relief on his January 29, 1997 convictions. (Pet'r's Mem. Opp. Summ. J. at 2, Docket Entry 38 at 2.)[3]

In January 1997, Stroman was indicted for possession of a firearm by a person under twenty-one (97-GS-41-0020) and driving under suspension ("DUS"), second offense (97-GS-41-0025). (App. at 63-64, Docket Entry 27-2 at 71-72.)[4] Thomas Mims, Esquire, represented Stroman on the charges. On January 29, 1997, Stroman pled guilty before the Honorable Joseph Wilson. Judge Wilson sentenced Stroman to one year, suspended upon one year of probation for the weapons charge; and sixty days, suspended upon one year of probation for the DUS. Stroman did not file a direct appeal.

---

[2]This motion was filed contemporaneously with the return. (Docket Entries 25 & 27.)

[3]Stroman alleges he pled guilty to the charges in January 1997 only after the prosecutor told him that the gun involved in those charges had been "checked out" and had not been used in any other crimes. Fourteen days after he pled guilty, he was charged with several additional offenses involving the same gun and convicted of these charges in June 1997. (App. at 31-33, Docket Entry 27-2 at 38-40.)

[4]Stroman was also indicted for driving under the influence of alcohol and/or drugs (97-GS-41-0024). However, this charge was nolle prossed. (App. at 58, Docket Entry 27-2 at 66.)

*PJG*

On May 16, 2005, Stroman filed an application for post-conviction relief ("PCR") raising the following issue: "Was the applicant's guilty plea made in violation of Fed. Rules Crim. Proc. Rule 11; and resulting in manifest injustice?" (App. at 3, Docket Entry 27-3 at 5.) M. Ronald McMahan, Jr., Esquire, represented Stroman. On November 21, 2005, the State filed a return and moved to dismiss the application as untimely. (App. at 15-19, Docket Entry 27-3 at 23-27.) On October 23, 2006, Stroman amended his PCR application to allege that he did not knowing and intelligently waive his right to a direct appeal. (App. at 14-A through 14-C, Docket Entry 27-3 at 17-19.)

On November 27, 2006, an evidentiary hearing was held before the Honorable Diane Schafer Goodstein. On February 23, 2007, Judge Goodstein dismissed Stroman's application as untimely. (App. at 40- 43, Docket Entry 27-3 at 48-51.) Stroman appealed to the South Carolina Supreme Court. (App. at 44, Docket Entry 27-3 at 52.) On appeal, LaNell C. Durant, Appellate Defender of the South Carolina Commission on Indigent Defense, represented Stroman. On December 17, 2007, Durant filed a petition for a writ of certiorari raising the following issue: "Did the PCR court err in denying petitioner the right to a direct appeal?" (Cert. Pet. at 2, Docket Entry 27-3 at 3.) The State filed its return on April 3, 2008. (Return to Cert. Pet., Docket Entry 27-4.) On September 4, 2008, the South Carolina Supreme Court denied the petition and issued the remittitur on September 22, 2008. (Order of Dismissal, Docket Entry 27-5.)

**FEDERAL HABEAS GROUNDS**

In his *pro se* Petition for Writ of Habeas Corpus, Stroman raises the following ground for relief, quoted verbatim:

> **Ground One**: The petitioner was denied the right to a belated direct appeal.
>
> **Supporting Facts:** After reaching a plea agreement with the prosecutor and entering the plea of guilty, the petitioner informed his attorney that he would like appeal the conviction because prior to the

> plea the prosecutor did not inform that he would be a large fine and community service. The petitioner submit that his attorney advise him that he would appeal but failed to do so.

(Pet., Docket Entry 1.) Stroman has also filed an amended petition in which he alleges the following, quoted verbatim:

> The petitioner was denied the right to seek a direct appeal for the guilty plea of possession of a firearm by person under (21), due to the fact that the prosecutor and appointed counsel did not keep their promise. Prior to pleading guilty to the above offense and while in the present of chief Richard Palmer, the petitioner inform the prosecutor that he wasn't pleading guilty to the weapon because if it as used in a crime, he would be held accountable for the offense. . . . The following day the prosecutor and appointed counsel persuaded the petitioner into pleading guilty by promising that the weapon had been checked out and was not used in any crimes. Approximately fourteen days after pleading guilty to the weapon and also four days pass [sic] the ten day deadline to file a direct appeal, the petitioner was charged with an armed robbery case that took place nearly two months prior to his plea. During the trial of the armed robbery case, the state introduced into evidence the same weapon that the petitioner had pled guilty to, as the one that was used in the robbery.

(Am. Pet., Docket Entry 11 at 1-2.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**C.    Statute of Limitations**

The respondent argues that Stroman's petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Stroman did not file a direct appeal, the ninety day period for seeking certiorari from the United States Supreme Court is not included. See, e.g., Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); 28 U.S.C. § 1257 (United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 10(b) (certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort); Rule 203(b)(2), SCACR (10 day requirement for filing of Notice of Appeal from criminal conviction). Therefore, Stroman's conviction became final ten days after January 29, 1997, the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his

conviction became final on February 8, 1997. Accordingly, the limitations period began to run on February 9, 1997, and expired on February 8, 1998, unless the period was at any time tolled for a properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Stroman filed his state PCR application on May 16, 2005, after seven years of time had lapsed and the one-year statute of limitations period had completely run.[5] Stroman's PCR action did not toll or revive the already expired statute of limitations for filing the petitioner's federal habeas action. Thus, this federal habeas action filed October 3, 2008, after ten years of time had elapsed, was clearly filed after the statute of limitations had run. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).[6]

Stroman does not disagree. However, he contends he is entitled to "both statutory and equitable tolling" of the statute of limitations. (Pet'r's Mem. Opp. Summ. J. at 3, Docket Entry 38 at 3.) He states that he instructed his counsel to file an appeal challenging the allegedly excessive

---

[5]In any event, the court also notes that because Stroman's PCR action was dismissed as untimely, it would not have tolled the running of the limitations period because it was not a "properly filed" petition. Artuz v. Siebert, 552 U.S. 3, 128 S. Ct. 2, 4 (2007) (holding when a PCR petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)); see also Pace v. DiGuglielmo, 544 U.S. 408, 413-16 (2005) (holding a state PCR petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)).

[6]There is not a prison mailroom stamp on the envelope containing the Petition. (Docket Entry 1-2.) Therefore, the court is using the postmark date as the filing date.

fine. (Pet'r's Mem. Opp. Summ. J. at 4, Docket Entry 38 at 4; Pet'r's Aff. ¶ 4, Docket Entry 38-2 ¶ 4.) He also alleges that counsel did not advise him that he could challenge his guilty plea. (Id.) He states that it was not until April 2005 that he discovered he could file a PCR application and seek a belated direct appeal, which he did in May 2005. (Pet'r's Mem. Opp. Summ. J. at 5, Docket Entry 38 at 5; Pet'r's Aff. ¶¶ 7, 11, Docket Entry 38-2 ¶¶ 7, 11.)

Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Courts have held, however, that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Bums v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Harris, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling. . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id. Additionally, "[o]ther courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness." Jones v.

South Carolina, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished); see also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling). The circumstances alleged by Stroman simply do not present those rare instances where it would be unconscionable to enforce the limitations period against the petitioner. Accordingly, the petition is time barred and should be dismissed.

Alternatively, this habeas petition should be dismissed because Stroman is not in custody serving time for his January 1997 convictions. See 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c) (an individual must be "in custody" in order to be eligible for federal habeas relief). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 490, 492 (1989); see also Lackawanna County Dist. Attorney. v. Coss, 532 U.S. 394, 403 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

Also before the court is Stroman's motion for entry of a default judgment. (Docket Entry 24.) Stroman contends that because the respondents failed to timely respond to his Petition, a default judgment should be entered. However, a review of this case shows that default judgment is not appropriate.

First, the court notes that default judgments are not available in habeas actions. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

Fed.R.Civ.P. 55(a). However, habeas petitioners should not receive default judgment under normal circumstances. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 2008 WL 4834597 (D.S.C. 2008) (unpublished). Moreover, the respondents have requested an extension of time in which to file the response to the habeas Petition. This motion is granted, and the respondents are therefore not in default in any event. Accordingly, the Petitioner's motion for default (Docket Entry 24) is denied.

### RECOMMENDATION

Based upon the foregoing, the court finds that Stroman's Petition was not timely filed and is therefore barred by § 2244(d). Therefore, the court recommends that the respondents' motion for summary judgment (Docket Entry 26) be granted.

### ORDER ON OTHER PENDING MOTIONS

The respondents requested additional time to file a return. That motion for an extension (Docket Entry 25) is granted. The Petitioner's motion for default judgment (Docket Entry 24) is denied.

**IT IS SO ORDERED.**

*/s/ Paige J. Gossett*

August 17, 2009
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).