# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammie J. Stroman, #242033, )<br>)<br>　　　　　　Petitioner, )<br>)<br>　v. )<br>)<br>S.C. Attorney General Henry )<br>Dargan McMaster; and Bernard )<br>McKie, Warden of Kirkland )<br>Correctional Institution, )<br>)<br>　　　　　　Respondents. )<br>_____) | C.A. No.: 0:08-3402-PMD-PJG<br><br>**ORDER** |

This matter is before the court upon Petitioner Sammie J. Stroman's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Respondents' Motion for Summary Judgment be granted and that Petitioner's section 2254 petition be dismissed.[1] A petitioner may object, in writing, to an R&R within ten days after being served with a copy of the report. 28 U.S.C. § 636 (b)(1). On August 28, 2009, Petitioner filed a timely objection. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently incarcerated in the Kirkland Correctional Institution serving time based upon his June 1997 convictions for armed robbery (97-GS-41-261); pointing a firearm

---

[1] The court notes that a prisoner's custodian is the only proper respondent in a habeas action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, as the warden is the only proper party in a habeas action, the Attorney General of South Carolina should be dismissed from this action.

(97-GS-41-262); wearing a mask (97-GS-41-278); possession of a pistol by a person under twenty-one (97-GS-41-277); and possession of a firearm during the commission of a violent crime (97-GS-41-276). (R. pp. 66-75). Although Petitioner is currently serving time on these convictions, he is not challenging his June 1997 convictions in this habeas action. Rather, Petitioner is seeking habeas relief on his January 29, 1997 convictions.

In January 1997, Petitioner was indicted for possession of a firearm by a person under twenty-one (97-GS-41-0020) and for driving under suspension ("DUS"), second offense (97-GS-41-0025). (R. pp. 63-64).[2] Petitioner was represented by Thomas Mims, Esquire, and on January 29, 1997, pled guilty to both charges.[3] The trial judge sentenced Petitioner to one year, suspended upon one year of probation for the weapon's charge; and sixty days, suspended upon one year of probation for the DUS. Petitioner did not file a direct appeal.

On May 16, 2005, Stroman filed an application for post-conviction relief ("APCR") raising the following issue: "Was the applicant's guilty plea made in violation of Fed. Rules Crim. Proc. Rule 11; and resulting in manifest injustice?" (R. p. 3). Petitioner was represented by M. Ronald McMahan, Jr., Esquire. On November 21, 2005, Respondents filed a return and motion to dismiss the application as untimely. (R. p. 15-19). On October 23, 2006, Petitioner amended his APCR to allege that he did not knowingly and intelligently waive his right to a direct appeal. (R. pp. 14A-C).

On November 27, 2006, an evidentiary hearing was held on Petitioner's APCR. On February 23, 2007, the PCR judge entered an order dismissing Petitioner's APCR as untimely.

---

[2] Petitioner was also indicted for driving under the influence of alcohol and/or drugs (97-GS-41-0024); however, this charge was *nolle prossed*. (R. p. 58).

[3] Petitioner alleges that he pled guilty to the charges in January 1997 only after the prosecutor told him that the gun involved in those charges had been "checked out" and had not been used in any other crimes. Fourteen days after he pled guilty, he was charged with several additional offenses involving the same gun and convicted of these charges in June 1997. (R. pp. 31-33).

(R. pp. 40-43). Petitioner appealed to the South Carolina Supreme Court. (R. p. 44). On appeal, LaNell C. Durant, Appellate Defender of the South Carolina Commission on Indigent Defense, represented Petitioner. On December 17, 2007, Durant filed a petition for writ of certiorari raising the following issue: "Did the PCR court err in denying petitioner the right to a direct appeal?" (Cert. Pet. at 2). The state filed its return on April 3, 2008. On September 4, 2008, the South Carolina Supreme Court denied the petition and issued the remittitur on September 22, 2008.

Petitioner filed his *pro se* habeas petition on or about October 3, 2008[4], asserting the following ground for relief, listed verbatim as follows:

> **Ground One:** The Petitioner was denied the right to a belated direct appeal.
>
> **Supporting Facts:** After reaching a plea agreement with the prosecutor and entering the Plea of guilty, the petitioner informed his attorney that he would like to appeal the conviction because prior to the plea the prosecutor did not inform him that he would be facing a large fine and community service. The petitioner submit [sic] that his attorney advice [sic] him that he would appeal but fail [sic] to do so.

Petitioner has also filed an amended petition, in which he alleged the following, quoted verbatim:

> The petitioner was denied the right to seek a direct appeal for the guilty plea of possession of a firearm by person under (21), due to the fact that the prosecutor and appointed counsel did not keep their promise. Prior to pleading guilty to the above offense and while in the present [sic] of chief Richard Palmer, the petitioner inform [sic] the prosecutor that he wasn't pleading guilty to the weapon because if it was used in a crime, he would be held accountable for the offense. (See Appendix pg. 10-14). The following day the prosecutor and appointed counsel persuaded the petitioner into pleading guilty by promising that the weapon had been checked out and was not used in any crimes. Approximately fourteen days after pleading guilty to the weapon and also four days pass [sic] the ten day deadline to file a direct appeal, the petitioner was charged with an armed robbery case that took place nearly two months prior to his plea. During the trial

---

[4] There is not a prison mailroom stamp on the envelope containing the Petition. Therefore, the Court is using the postmark date.

of the armed robbery case, the state introduced into evidence the same weapon that the petitioner had pled guilty to, as the one that was used in the robbery.

Respondents moved for Summary Judgment on February 24, 2009. The Magistrate Judge recommended to this Court that Respondents' Motion for Summary Judgment be granted and Petitioner's habeas corpus petition be dismissed.

## **STANDARD OF REVIEW**

**A.** **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

**B.** **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the

R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

C. **Section 2254 Petitions**

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

## DISCUSSION OF PETITIONER'S OBJECTIONS

The Magistrate judge recommends dismissing Petitioner's claims because his petition is untimely under the one-year statute of limitations and because Petitioner has not established sufficient grounds for equitable tolling. In the alternative, the Magistrate finds that the habeas petition should be dismissed because Petitioner is not "in custody" as required for federal habeas relief.

Petitioner objects to the finding of the Magistrate that he has not established sufficient grounds for equitable tolling of the statute of limitations. Specifically, Petitioner objects to the

5

Magistrates finding that "the circumstances alleged by Stroman simply do not present those rare instances where it would be unconscionable to enforce the limitations period against the Petitioner." (R&R p. 9).

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The statute also provides for tolling of the statute of limitations during the pendency of PCR and collateral review proceedings. 28 U.S.C. § 2244(d)(2).

Petitioner does not object to the Magistrate's finding that the one-year statutory period began to run on February 9, 1997, and expired on February 8, 1998. Petitioner also does not object to the Magistrate's finding that Petitioner's May 16, 2005 APCR did not statutorily toll or revive the already expired statute of limitations  The Court adopts the R&R's analysis of this issue and incorporates it into this Order.

However, Petitioner objects to the Magistrate's recommendation that equitable tolling of the statute of limitations should not apply. Equitable tolling is available only in "'those rare

6

instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Accordingly, under the Fourth Circuit's "extraordinary circumstances" test, Petitioner is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *Rouse,* 339 F.3d at 246. Petitioner must also show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims. *Harris*, 209 F.3d at 330. In addition, under the "extraordinary circumstances" test, the court should not consider the merits of the underlying claim. The Fourth Circuit in *Rouse* rejected the use of an alternative test for equitable tolling that would have considered the petitioner's underlying claims and stated that "[a]llowing consideration of the merits of the time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claim will always be considered." *Id.* at 251.

Courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Bums v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing *Harris*, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling. . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." *Id.* Additionally, "[o]ther courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness." *Jones v. South Carolina*, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished).

The Magistrate found that Petitioner failed to present circumstances sufficient to establish equitable tolling. Petitioner objects to this finding because he claims that his circumstances are extraordinary and therefore warrant the application of equitable tolling. Particularly, Petitioner claims that he pled guilty to the January 29, 1997 weapon charge based on representations by the prosecutor and his attorney that the weapon had been "checked out" and had not been used in any crimes. (Objections, p. 2). Petitioner claims that "due to the fact that petitioner was unfamiliar with the legal process, immediately after his plea was accepted he instructed his counsel to file a direct appeal challenging his excessive fine and counsel informed him that he would." *Id.* Petitioner states that, in June 1997, he was found guilty of armed robbery based on his previous guilty plea to the weapon's charge. *Id.* at 3. Petitioner claims that his attorney "never advised him of his right to withdraw or appeal the prior guilty plea as involuntary based on the inducements which turned out to be false." *Id.* Finally, Petitioner claims that he was not aware of his right to challenge his guilty plea until "April 2005 while he was performing some legal research." *Id.*

The Magistrate found that Petitioner's claims do not present the "extraordinary circumstances" necessary for equitable tolling of the statute of limitations, and the Court agrees. Petitioner essentially claims that he did not file his APCR until May 16, 2005 because he was not aware of his right to challenge his guilty plea and because his attorney did not advise him of this right. As discussed above, courts have held that unfamiliarity with the legal process does not constitute grounds for equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (stating that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling); *Bums v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing *Harris*, 209 F.3d at 330-32). In addition, mistake of counsel does not serve as grounds for equitable tolling. *Harris,*

209 F.3d at 331. In *Harris,* the Court of Appeals stated that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Id.* Based on the law as described in *Harris*, other courts have held that "any mistake or failure by counsel to file a timely direct appeal does not present an extraordinary circumstance beyond petitioner's control. *Lee v. Warden, Evans Correctional Institution*, 2008 WL 2386629 (D.S.C. 2008) (unpublished) (citing *Harris*, 209 F.3d at 331).

Further, Petitioner must also show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims. *Harris*, 209 F.3d at 330. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court). Petitioner has not demonstrated reasonable diligence as he did not file his PCR action to challenge his January 29, 1997 plea until May 16, 2005, and Petitioner has not identified any extraordinary circumstance that stood in his way or prevented the filing. The Court also notes that the record indicates that Petitioner filed an APCR on the armed robbery charges in 2000. (See, R. p. 35). Thus, Petitioner was aware of his ability to file post conviction relief applications by at least 2000, and yet failed to do so for the weapon charge until 2005.

Thus, the Court agrees with the Magistrate's recommendation that Petitioner's claims are barred by the statute of limitations and that Petitioner has failed to demonstrate evidence sufficient to establish grounds for equitable tolling.

The Magistrate found that alternatively, the habeas petition should be dismissed because Petitioner is not "in custody" for his January 1997 conviction. Petitioner does not challenge the

Magistrate's finding on this issue, and because Petitioner's claim is already barred by the statute of limitations, the Court does not address the custody issue in this Order.

## **CONCLUSION**

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Respondents' Motion for Summary Judgment be **GRANTED** and that Petitioner Sammie Stroman's Petition be **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 14, 2009**
**Charleston, SC**